UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAREINA A SAULS,<br><br>               Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, et al,<br><br>               Defendant. | Case No. 3:25-cv-05957-TMC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Lareina A. Sauls has filed an ex parte emergency motion for a temporary restraining order ("TRO") requiring the Defendants—Desiree S. Hosannah, Gina Morrow Duncan, Pierce County, and judges and officers of Pierce County Superior Court—to refrain from holding a hearing scheduled for October 31, 2025; provide certain disability accommodations in future hearings; and cease and desist from "retaliation, sanction, denial of access, or adverse action" based on Ms. Sauls's disability. Dkt. 2 at 6–7. Because Ms. Sauls has not shown a likelihood of success on the merits or imminent, irreparable harm that will result in the absence of relief, the Court DENIES her motion. Dkt. 2.

//

## I. BACKGROUND

Ms. Sauls is a Washington resident involved in judicial proceedings before Pierce County courts. Dkt. 6 at 3, 6. She claims she has "cognitive disabilities that substantially limit major life activities including thinking, concentrating, and communicating." *Id*.

Defendants include Pierce County, judges and officers of Pierce County Superior Court, and Hosannah and Duncan, who are two private attorneys. *Id*. at 3–4. Because Ms. Sauls's disabilities limit her "concentration, memory, executive functioning, and processing [of] complex information," Ms. Sauls requested accommodations from Pierce County such as additional time for filings. *Id*. at 4.

On March 22, 2024, Ms. Sauls filed a CR 11 motion for sanctions in family court against Hosannah "for false statements and misrepresentations to the court," asserting Hosannah had "invented" recent criminal history, "implied drug use without evidence, and asserted child developmental issues without factual or evidentiary basis." *Id*. at 5. In response, Hosannah "pursued a stay-away order and subsequently a civil anti-harassment/protection order" against Ms. Sauls, "supported by repeating and amplifying the same stigmatizing and false characterizations that had been the subject of Plaintiff's CR 11 sanctions motion." *Id*. According to Ms. Sauls, "Pierce County commissioners and judges failed to recognize the retaliatory nature of the protection order filings and instead adopted the false characterizations wholesale." *Id*. Ms. Sauls alleges that Duncan also filed a "retaliatory" CR 11 motion for sanctions against her. *Id*. at 7.

Ms. Sauls alleges her accommodation requests included: "(1) written findings on all accommodation requests as required by federal law; (2) clear procedural guidance to accommodate cognitive processing difficulties; (3) protection from disability-based credibility attacks and adverse inferences; (4) additional time for complex filings and responses; (5) recusal

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

of biased judicial officers; and (6) written justification for any denial of accommodations." *Id*. Ms. Sauls asserts ADA, Rehabilitation Act, and civil rights violations for Pierce County's failure to accommodate these requests and for the filing and adoption of "retaliatory" sanctions and protection orders against her. *Id*.

Ms. Sauls has an upcoming CR 11 sanctions hearing in Pierce County Superior Court scheduled for October 31, 2025. *Id*. at 8. She alleges that "without immediate federal intervention," she will suffer "irreparable harm through continued denial of ADA rights, ongoing retaliation for protected activity, and the imposition of sanctions based on disability bias rather than legitimate legal grounds." *Id*.

On October 27, 2025, Ms. Sauls filed the present "emergency motion for stay of retaliatory or disability-based orders," which this Court construes as a motion for a TRO. Dkt. 2. Ms. Sauls asks the Court to stay the October 31 hearing, "bar all adverse inferences, credibility findings, or sanctions referencing disability traits or ADA activity," and require written findings for Pierce County's future decisions on her accommodation requests. Dkt. 2 at 3–4.

## II.    LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities

favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Additional requirements are imposed on TROs that are granted "ex parte," or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party if it appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). Ms. Sauls has submitted two certifications from Richard L. Sauls verifying that copies of her complaint and TRO were mailed to all named defendants via U.S. Mail on October 27 and October 28, 2025. Dkt. 2-1 at 3–4; Dkt. 4. However, as of this writing on October 30, 2025, no appearance in this Court has been made on behalf of any defendant, and the Court reviews the present motion as one made ex parte.

### III. DISCUSSION

Ms. Sauls's motion fails for several reasons. First, Ms. Sauls has not submitted an affidavit with "specific facts" showing that "immediate and irreparable injury, loss, or damage" will occur before the Defendants can be heard in opposition and has therefore not met Rule 65(b)(1)'s strict requirement for issuance of a TRO without notice. Fed. R. Civ. P. 65(b)(1). Ms. Sauls submitted a declaration stating that she "will suffer catastrophic, irreparable harm: permanent loss of federal rights, destruction of meaningful access, and ongoing injury that cannot be reversed or compensated." Dkt. 2-1 at 2. Aside from these vague generalizations,

however, her declaration fails to identify specific harms she would suffer if the Court waited to hear Defendants in opposition.

Second, and relatedly, Ms. Sauls has not shown what irreparable harm would result if the Pierce County Superior Court proceeds with her October 31 hearing. For example, Ms. Sauls offers no explanation why any adverse outcome from her hearing could not be addressed on appeal. Ms. Sauls instead argues, in conclusory fashion, that "[o]ngoing state action risks catastrophic, unremediable federal harm by weaponizing Plaintiff's disability and protected advocacy against her" and that "loss of ADA rights will be permanent if state proceedings are not immediately stopped." Dkt. 2 at 2–3. Ms. Sauls also cites *United States v. Mississippi* to argue that "[o]nce imposed, disability-based sanctions or adverse inferences cannot be reversed," but this case does not discuss or support such an inference. Dkt. 2 at 3 (citing 82 F.4th 387 (5th Cir. 2023)).[1]

Third, Ms. Sauls has not shown that it is likely she will prevail on the merits. Her complaint lacks critical details, such as "the who, what, where, when and why needed for the Court and Defendants to understand what is being alleged." *Brooks v. Skagit Cnty. Pub. Health*, No. 2:23-CV-01708-LK, 2023 WL 7651221, at *1 (W.D. Wash. Nov. 15, 2023). Ms. Sauls does not describe the underlying legal proceedings at issue or details of any adverse ruling, name any

---

[1] The Court has no formal rule against the use of generative artificial intelligence to write pleadings and briefs. To the extent she uses these tools, the Court reminds Ms. Sauls that she remains bound by Federal Rule of Civil Procedure 11, which requires that by presenting a motion or other written paper to the Court, a party certifies that its "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). In the future, Ms. Sauls may be sanctioned for providing authority to the Court that does not actually exist. *See Saxena v. Martinez-Hernandez*, No. 2:22-cv-02126-CDS-BNW, 2025 WL 1194003, at *2 n.5 (D. Nev. Apr. 23, 2025) (collecting cases and warning pro se litigants that generative artificial intelligence can create "hallucinat[ed]" case citations and using these citations may lead to court-imposed sanctions).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

Pierce County official who denied her ADA requests, or provide the dates of most of the alleged events. Because the complaint is missing important details on her claims, this factor weighs against Ms. Sauls.

Ms. Sauls has not shown she is entitled to the "extraordinary remedy" of a TRO. *Winter*, 555 U.S. at 24. The Court therefore DENIES the motion. Dkt. 2.

## IV.    CONCLUSION

The Court DENIES Ms. Saul's motion for a temporary restraining order. Dkt. 2.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of October, 2025.

Tiffany M. Cartwright
United States District Judge