UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAREINA A. SAULS,

                                        Plaintiff,

          vs.

PIERCE COUNTY,

                                        Defendant.

NO.  25-cv-05957-JHC

ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint.  Dkt. # 32.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law.  For the reasons below, the Court GRANTS the motion.

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.  Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The Ninth Circuit has even said that Rule 15(a) should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  And it has said that leave to amend "should be granted more liberally to pro se plaintiffs." *McQuillion*

ORDER - 1

*v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Under Rule 15(a), courts consider several factors, including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend. *Id.* at 1052. This analysis should generally "be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

But not all Rule 15(a) factors bear the same weight; it is the consideration of undue prejudice that is the "touchstone of the inquiry under Rule 15(a)." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Without prejudice, or a very strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052. And the party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Defendant does not purport to show bad faith, undue delay, repeated failure to cure deficiencies in previously allowed amended complaints, or prejudice. Thus, all those factors favor amendment and, on balance, outweigh the futility argument advanced by Defendant.

Thus, the Court GRANTS the motion. It appears Plaintiff has already filed her Second Amended Complaint. *See* Dkt. # 37. The Court STRIKES as moot the motion to dismiss at Dkt. # 30. Defendant may timely file a motion to dismiss the Second Amended Complaint.

DATED this 21st day of April, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

ORDER - 2