UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAREINA A. SAULS,<br>Plaintiff,<br>v.<br>PIERCE COUNTY,<br>Defendant. | CASE NO. 3:25-cv-05957-JHC<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss the Second Amended Complaint. Dkt. # 40. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion.

//

//

//

//

//

## II

## BACKGROUND[1]

On April 10, 2026, pro se Plaintiff Lareina A. Sauls filed her Second Amended Complaint (SAC) against Pierce County. Dkt. # 37. The SAC alleges violations of Plaintiffs' disability-related rights in connection with judicial proceedings before Pierce County courts. *Id.* ¶ 1. Plaintiff says she has "cognitive impairments affecting executive functioning, processing speed, memory, and information organization." *Id.* ¶ 6. She says that she explained to Defendant that "oral-only communication was ineffective for" her because of her disability." *Id.* ¶ 15. She requested accommodations from Pierce County, specifically, "accessible written communication of accommodation decisions and procedural expectations before hearings and deadlines." *Id.* ¶ 14. She says that the County misapplied the accommodation standards in evaluating her request. Plaintiff contends that she did not receive the requested accommodation and was required to participate in hearings and litigation procedures using oral-only communications. *Id.* ¶ 19. Plaintiff says that because of her inability to manage litigation proceedings without accommodations, she "lost her job, experienced financial collapse, and became homeless." *Id.* ¶ 49.

Based on the above, the SAC asserts a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and a claim under Section 504 of the Rehabilitation Act. *Id.* at 1.

//

//

//

[1] As explained below, when evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the subject complaint as true.

//

## III
## DISCUSSION

Pierce County contends that dismissal is proper because: (1) res judicata bars the claims; (2) judicial and quasi-judicial immunity also bar them; (3) under the *Rooker-Feldman* doctrine, the Court lacks subject-matter jurisdiction; and (4) the SAC fails to sufficiently plead a factual basis for the claims. *See generally id*.

A. Res Judicata

Pierce County argues that, because of a Washington State court dismissal of her claims, res judicata bars her claims here. *See* Dkt. # 40 at 7; Dkt. # 41.

A defendant may raise res judicata as a defense in a motion to dismiss under Rule 12(b)(6). *See N.Y. Life Ins. Co. v. Gunwall*, 675 F. Supp. 3d 1126, 1132 (W.D. Wash. 2023) (citing *Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984)). The doctrine of res judicata, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action." *Owens v. Kaiser Found. Health plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Federal courts "determine the preclusive effect of a state court judgment by applying that state's preclusion principles." *Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citation omitted). Because Pierce County contends a Washington court judgment bars Plaintiff's claims, the Court looks to Washington law.

Under Washington law, res judicata applies when an earlier judgment overlaps with the case at issue in four respects: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Schroeder v. Excelsior Mgmt. Grp., LLC*, 297 P.3d 677, 684 (Wash. 2013) (citation and internal quotation marks omitted).

Res judicata does not bar plaintiff's claims. Plaintiff's prior dismissed claims were under neither Title II of the ADA nor Section 504. *See* Dkt. # 41 (claims for defamation, fraud on the court, civil conspiracy, and interference with constitutionally protected parental rights). Nor were those claims brought against Pierce County. *See id*.

B. Judicial and Quasi-Judicial Immunity

Pierce County next contends that judicial and quasi-judicial immunity bar Plaintiff's claims. Dkt. # 40 at 7. They say, "To the extent Plaintiff's claims arise from acts performed by judicial officers, court staff, guardians ad litem, or other participants under the authority of the Superior Court, those acts are protected by judicial or quasi-judicial immunity." *Id.*

Under the Rehabilitation Act or Title II of the ADA, a Plaintiff may sue a municipality (including a county) and ask a court to hold a "public entity [] liable for the vicarious acts of its employees." *Duvall*, 260 F.3d at 1141. Judicial immunity, however, prevents the county from being liable for the actions committed by a judge in their judicial capacity. *See Lund v. Cowan*, 5 F.4th 964, 972-973 (9th Cir. 2021). Further, "[j]udicial immunity is extended to certain others who perform functions closely associated with the judicial process." *Duvall*, 260 F.3d at 1133 (citation and internal quotation marks omitted).

But judicial immunity applies only to judicial acts, and not to "the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White*, 484 U.S. 219, 227 (1988). To determine whether an act is judicial, courts consider whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall*, 260 F.3d at 1133 (cleaned up).

The Court cannot conclude that Plaintiff's claims arise solely from judicial acts. Plaintiff alleges that she submitted accommodation requests "before multiple court proceedings, including civil protection-order hearings and a Civil Rule 11 sanctions hearing," which were denied. *See* Dkt. # 37 at 3. The SAC suggests only that Plaintiff's accommodations were denied by "officials responsible for ADA/GR-33 process" who had the "authority to grant accommodations and modify communication methods." *Id*. These allegations do not necessarily indicate that Plaintiff's accommodation requests related to the judicial process of her state court proceedings. Because it is not apparent from the SAC that judicial immunity bars Plaintiff's claims, a dismissal pursuant to Rule 12(b)(6) is not proper. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (holding that a plaintiff need not plead on the subject of an affirmative defense and that dismissal based on an affirmative defense is proper where the defense is obvious on the face of the complaint). Thus, judicial and quasi-judicial immunity do not bar Plaintiff's claims.[2]

C. *Rooker-Feldman* Doctrine

Pierce County contends that the *Rooker-Feldman* doctrine bars Plaintiff's claims because she "is attempting to bring a collateral attack on the outcome of her family law matter adjudicated before the Pierce County Superior Court." Dkt. # 40 at 4. Specifically, Pierce County says that "[a]djucating these claims would require this Court to review and second-guess the procedures, rulings, and management of those proceedings." Dkt. # 40 at 5. Plaintiff responds that she "does not seek appellate review of family-court rulings []" and instead

[2] To the extent that Plaintiff's claim arises solely out of judicial acts, judicial and quasi-judicial immunity would bar those claims. *Lund*, 5 F.4th at 972 ("[A]s a general matter, there can be no respondeat superior liability where there is no underlying wrong by the employee, which includes situations in which the employee is immune to suit.").

"challenges Pierce County's administration of disability access procedures, effective communication practices, and meaningful-access obligations under federal law." Dkt. # 43 at 3.

The *Rooker-Feldman* doctrine prohibits federal district courts from considering "de facto appeals" suits in which "the adjudication of the federal claims would undercut the state ruling." *Searle v. Allen*, 148 F.4th 1121, 1128 (9th Cir. 2025) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). "[W]hen the federal action constitutes a forbidden de facto appeal of a state court judgment, the federal court must also refuse to decide any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court in its judicial decision." *Id.* (quotations omitted). Claims are inextricably intertwined where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation omitted).

The Ninth Circuit has instructed that the *Rooker-Feldman* doctrine "occupies narrow ground" and applies only in "limited circumstances." *Searle*, 148 F.th at 1128 (citation modified). It "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Miroth v. County of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (citation modified).

The *Rooker-Feldman* doctrine does not bar Plaintiff's claims. Pierce County states that Plaintiff is dissatisfied with her "state-court family law proceedings[.]" Dkt. # 40 at 1. But the parties do not identify the state court judgment at issue. And Plaintiff is not claiming legal error by the state court and requesting relief from those judgments.

Plaintiff says her injuries are due to Pierce County's failure to provide reasonable accommodations for her state court proceedings. *See* Dkt. # 37 at 2. While Plaintiff's accommodation requests were raised in those proceedings, this does not mean she is claiming legal errors by the state court. *See Miroth*, 136 F.4th at 1154 ("Even if the [Plaintiff's] are

raising matters that were raised or could have been raised in state court, that does not mean they are alleging legal errors by the state court or seeking review and rejection of the state court judgment itself.").

Nor does it appear that Plaintiff seeks relief from the state court judgment itself. *See* Dkt. # 37 at 10. Plaintiff requests declaratory, injunctive, and compensatory relief based on Pierce County's denial of reasonable accommodations during state court proceedings. *See id.*

D. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a such a motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). In a pro se action, the court must also "construe the pleadings liberally and [ ] afford the [pro se plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). But pro se or not, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And a court can (and should) dismiss a complaint if it lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations

contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[3] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Title II of the ADA prohibits disability discrimination by public entities. 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act similarly prohibits discrimination by recipients of federal funds. 29 U.S.C. § 794. The two laws are "interpreted coextensively because there is no significant difference in the analysis of rights and obligations created by the two Acts." *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021).

Pierce County is a public entity under Title II of the ADA. *See* § 12131(1) ("'public entity' means . . . any State or local government"). To prove that a Pierce County program or service violated Title II of the ADA, Plaintiff must show that: "(1) [she] was a 'qualified individual with a disability'; (2) [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (quoting *Duvall v. City of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001)). "The elements of a prima facie Section 504 claim are similar, with the additional requirement that the plaintiff prove that the program receives federal financial assistance." *Payan*, 11 F.4th at 738 (9th Cir. 2021) (citation omitted).

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" *Id*. at

---

[3] Pierce County asks the Court to take judicial notice of documents pertaining to Plaintiff's state court action for purposes of res judicata. Dkt. # 40 at 3. Because Plaintiff's claims arise from her prior state court proceedings, the Court grants the request. *See* Dkt. # 41 (Exhibit A and B); *see U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts may take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

738 (citing *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016)). Plaintiff bases her claim on failure to make a reasonable accommodation. *See* Dkt. # 37 at 2–3. She alleges that Pierce County failed to provide a reasonable accommodation because she was required "to participate in hearings and litigation procedures" using communication methods she identified as ineffective. *Id.* at 3. Pierce County says that Plaintiff's ADA and Section 504 claims should be dismissed because she "fails to allege facts showing that she was denied meaningful access to the courts."[4] Dkt. # 40 at 14. Specifically, it says that courts "are not required to provide accommodations in the precise format requested" and a "procedural dissatisfaction, without resulting deprivation of access," does not state a claim under Title II of the ADA or Section 504.[5] *Id.*

Failure-to-accommodate claims are "focused on an accommodation based on [the plaintiff's] individualized request or need." *Payan*, 11 F.4th at 738. Whether an accommodation is reasonable "depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow [her] to [enjoy meaningful access to the program.]" *Mark H. v. Hamamoto*, 620 F.3d 1090, 1098 (9th Cir. 2010) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)). But "[r]easonable accommodation does not require an organization to make fundamental or substantial alterations to its programs." *Id.*

---

[4] Pierce County says that Plaintiff has not shown that the County receives federal financial assistant to assert liability under Section 504. Dkt. # 40 at 15. But Plaintiff alleges that Pierce County "receives federal financial assistance." Dkt. # 37 at 9. This allegation suffices. *Cf. Moore v. Greyhound Bus Lines, Inc.*, 2015 WL 13660330, at *3 (S.D. Cal. Nov. 9, 2015) ("[T]he vast majority of courts faced with the issue of whether an entity receives federal financial assistance within the meaning of civil rights laws have concluded that the resolution of the issue requires inquiry into factual matters outside the complaint and accordingly, is a matter better suited for resolution after both sides have conducted discovery on the issue.").

[5] Pierce County does not dispute that Plaintiff is a "qualified individual" under 42 U.S.C. § 12131(2). Pierce County also contends in passing that Plaintiff "fails to establish proximate causation[.]" See Dkt. # 40 at 16. But they cite no legal authority to support this argument.

Plaintiff has pleaded sufficient facts to support her legal theory. She alleges that she informed Pierce County that because of her "cognitive impairments," she "cannot reliably process procedural instructions communications only orally during litigation proceedings." Dkt. # 37 at 2. Based on this limitation, Plaintiff submitted multiple ADA/GR-333 requests seeking modifications to communication methods and additional time before court proceedings. *Id*. at 3–4. These requests were denied—one of which was treated "as a request for court-appointed counsel rather than a communication accommodation." *Id.* at 4. Plaintiff alleges she spent "additional time reviewing court dockets, recordings, and notes in an attempt to reconstruct oral rulings and instructions." *Id.* at 5. Pierce County does not dispute that she made these requests, nor that it denied them. *See generally* Dkt. # 40. Instead, they maintain that denying these requests did not prevent Plaintiff from meaningfully accessing her court proceedings. *See id.* at 14 ("Difficulty, inefficiency, or preference for written communication does not constitute denial of access.").

Pierce County is correct that it need not provide Plaintiff with these exact accommodations; but Pierce County did have an obligation to investigate what, if any, reasonable accommodations Plaintiff required. *See Mont. Med. Ass'n v. Knudsen*, 119 F.4th 618, 626 (9th Cir. 2024) ("We find instructive the Fifth Circuit's decision … 'plaintiffs are not entitled to their preferred accommodation, but only a reasonable accommodation.'"); *Updike*, 870 F.3d at 954 ("It is well-settled that Title II and Section 504 [of the RA] create a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary."). As mentioned above, Plaintiff alleges that Defendant construed her request as one for court-appointed counsel. Similarly, she alleges that Pierce County improperly used a "severe cognitive impairment" threshold to evaluate her eligibility for assistance. Dkt. # 37 at 4. Thus, construing the pleadings in the light most favorable to

Plaintiff—and given that this is a pro se action in which the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt—the Court finds that these allegations suffice to support a claim under Title II of the ADA and Section 504 of the Rehabilitation Act.

## IV

## CONCLUSION

For the reasons above, the Court DENIES the motion (Dkt. # 40).

Dated this 10th day of August, 2026.

John H. Chun
United States District Judge