UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAREINA A. SAULS,<br><br>Plaintiff,<br><br>vs.<br><br>PIERCE COUNTY,<br><br>Defendant. | NO. 25-cv-05957-JHC<br><br>ORDER |

This matter comes before the Court on Defendant Pierce County's FRCP 12(c) Motion for Judgment on the Pleadings. Dkt. # 51. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. The Court GRANTS Defendant's request for judicial notice. Being fully advised, for the reasons below, the Court GRANTS the motion, DISMISSES the claims against Pierce County without prejudice, and GRANTS Plaintiff leave to amend.

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.

1989). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). When considering a Rule 12(c) motion, courts may consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice. *Cf. United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts must accept the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hines*, 914 F.3d at 1227; *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

For the reasons presented by Defendant at Dkt. ## 51 and 57, the Second Amended Complaint (SAC) fails to state a claim. Simply put, as currently pleaded, the SAC appears to name the wrong defendant.

Accordingly, the Court GRANTS the motion, DISMISSES the claims against Pierce County without prejudice, and GRANTS Plaintiff leave to amend. Plaintiff may filed her Third Amended Complaint on or before November 10, 2026.

DATED this 27th day of October, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE